MICHAEL T. GEBHART, ESQ.
Nevada Bar No. 7718
**PEEL BRIMLEY LLP**
3333 E. Serene Avenue, Suite 200
Henderson, Nevada 89074-6571
(702) 990-7272
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANGEL RENNINGER,<br><br>                    Plaintiff,<br><br>vs.<br><br>EXTENSOFT, INC., a Nevada corporation;<br>KONRAD MUSIAL, a Nevada resident.<br><br>                    Defendants. | **COMPLAINT**<br>**AND**<br>**JURY DEMAND** |

Plaintiff Angel Renninger, by and through her counsel, Michael T. Gebhart, Esq. of the law firm Peel Brimley LLP, hereby complains as follows:

**JURISDICTION, VENUE, JURY DEMAND**

1. Renninger is resident of southern Nevada. All of the acts, statements, and omissions alleged herein occurred in southern Nevada. Renninger received a Notice of Right to Sue from the Equal Employment Opportunity Commission. Renninger requests a jury trial relative to all triable issues.

2. Defendant Extensoft, Inc. is a Nevada corporation. Extensoft conducts business on a regular and continuing basis in Clark County, State of Nevada.

3. Defendant Konrad Musial is a Nevada resident and is the owner, manager, and sole officer and director of Extensoft.

4. All unlawful acts alleged herein were committed within the jurisdiction of the United States District Court for the District of Nevada, Southern Division, thus venue is proper under 28 U.S.C. § 1391.

5. This Court has jurisdiction pursuant to Title 28, section 1343, as well as Title 42, section 2000e of the United States Code because Renninger is a member of a statutorily protected class of persons, *i.e.*, a woman, who was subject to adverse workplace treatment "because of sex," as prohibited by Title 42 of the United States Code. Renninger was subject to sexual harassment, gender discrimination and retaliation.

## STATEMENT OF FACTS

6. Extensoft, through Musial, hired Renninger.

7. Renninger's employment record was impeccable as she had always performed her duties and responsibilities in an above-average and satisfactory manner.

8. After Renninger was hired, Musial began making inappropriate sexual comments to Renninger on a regular basis.

9. Musial would call Renninger and other female employees "incompetent," "stupid," "dumb" and would frequently say that he was doing female employees a favor by hiring and employing them.

10. Musial would brag about his adventures in adult-themed clubs, would leave sexual toys around the office, and leased out Extensoft's space for the filming of pornographic movies.

11. Musial propositioned Renninger for sexual favors and stated he would "take care of her" in return.

12. Musial encouraged another supervisor, Nico Simon, to engage in similar conduct and took no action to stop Simon from sexually harassing Renninger and other female employees.

13. Simon would openly and frequently talk about the size of his penis, show pornographic material, and make other vulgar and inappropriate sexually-oriented statements in the workplace.

14. Musial and Simon openly made such offensive comments in front of employees and subjected Renninger and other employees to inappropriate conduct on nearly a daily basis.

15. Renninger repeatedly complained to Musial about his inappropriate conduct and offending comments, as well as Simon's; Musial ignored Renninger.

16. Musial's and Simon's offensive conduct was so severe and pervasive that it forced Renninger to quit her employment.

17. Renninger has exhausted her administrative remedies and has timely brought this action within 90 days of receiving her Notice of Right to Sue Letter from the EEOC.

## FIRST CAUSE OF ACTION
(Sexual Harrassment (Hostile Work Environment) in violation of 42 U.S.C. 2000e and N.R.S. 613.330)

18. Plaintiff restates and incorporates by reference paragraphs 1 through 17 of this Complaint.

19. 42 U.S.C. §2000e-2(a)(l) (*i.e.*, section 703 of Title VII) states "it shall be an unlawful employment practice for an employer to: (l) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." Likewise, N.R.S. §613.330, *et. seq.*, contains a similar provision.

-3-

20. The EEOC and the Courts have declared sexual harassment violates section 703 of Title VII. Nevada Courts follow the lead of Courts interpreting Title VII when interpreting N.R.S. §613.330.

21. According to 29 C.F.R. §1604.11(a)(3), illegal sexual harassment includes a "hostile environment" in which unwelcome sexual conduct "unreasonably interferes with an individual's job performance" or creates an "intimidating, hostile or offensive working environment."

22. Renninger suffered intentional, unwanted harassment from Musial and Simon in the form of repeated inappropriate conduct.

23. The harassment of Renninger was severe and/or pervasive because it was sexually explicit, blunt and crass and because it occurred over an extended period of time.

24. Defendants knew of Renninger's complaints of harassment, or should have known, and did nothing to stop, investigate or properly remediate Renninger's complaints of harassment.

25. Musial's and Simon's conduct/comments were subjectively and objectively offensive and were completely unwelcomed.

26. Given Musial's and Simon's status, their conduct is automatically imputed to Extensoft, which is presumptively liable for their conduct. Specifically, it is presumed their conduct occurred in the course and scope of employment

27. Musial's and Simon's harassment of Renninger negatively affected the terms, conditions and/or privileges of her employment because Renninger felt worthless and disaffected due to Musial's and Simon's harassment.

28. Musial's and Simon's harassment would detrimentally affect any reasonable person.

29. Defendants discriminated against Renninger by permitting an ongoing pervasive pattern and practice of sexual harassment and by maintaining a sexually hostile work environment, in violation of 42 U.S.c. §2000e, *et. seq.* and/or N.R.S. §613.330, *et. seq.*

30. By reason of the continuous nature of Defendants' discriminatory conduct, persistent throughout Renninger's employment, Renninger is entitled to application of the continuing violation doctrine to all of the violations alleged.

31. As a direct and proximate result of Defendants' violation of 42 U.S.C. §2000e, *et.seq.* and/or N.R.S. §613.330, *et. seq.*, Renninger has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment and loss of self-esteem excess of $10,000, in an amount to be determined at trial. Therefore, Renninger seeks all legal and equitable remedies available at law, in additional to all other damages permitted by law.

32. Defendants' above-referenced acts were fraudulent, malicious, oppressive and done with intent to harm Renninger. Consequently, Renninger seeks an award of punitive damages in an amount sufficient to punish and deter Defendants from harming other similarly situated employees.

33. Renninger has been forced to procure the services of an attorney to represent her in this matter and, pursuant to 42 U.S.C. §2000e-5, *et. seq.* and/or N.R.S. §613.330, *et. seq.*, Renninger is entitled to her attorneys' fees as a result of Defendants' acts.

**SECOND CAUSE OF ACTION**
**(Sexual Harrassment (Quid Pro Quo) in violation of 42 U.S.C. 2000e and N.R.S. 613.330)**

34. Plaintiff restates and incorporates by reference paragraphs 1 through 33 of this Complaint.

35. 42 U.S.C. §2000e-2(a)(l) *(i.e.,* section 703 of Title VII) states "it shall be an unlawful employment practice for an employer to: (l) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation,

terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." Likewise, N.R.S. §613.330, *et. seq.*, contains a similar provision.

36. The EEOC and the Courts have declared sexual harassment violates section 703 of Title VII. Nevada Courts follow the lead of Courts interpreting Title VII when interpreting N.R.S. §613.330.

37. 29 C.F.R. §1604.11(a)(2), notes quid pro quo sexual harassment occurs when submission to or rejection of unwelcome sexual conduct is used as the basis for employment decisions affecting an individual.

38. Defendants subjected Renninger to sexual comments, all of which were unsolicited and unwelcomed.

39. Renninger rejected Defendants' sexual comments.

40. After Renninger rejected Musial's and Simon's sexual comments, they began treating her poorly and created an work environment that was so unwelcome that it caused Renninger to quit her employment.

41. Musial's and Simon's treatment of Renninger was intentional and designed with the foreseeable effect of financially impacting Renninger's income/wages and affecting her emotionally.

42. Given Musial's and Simon's positions, their conduct is automatically imputed to Extensoft, which is presumptively liable for their conduct. Specifically, it is presumed that Musial's and Simon's conduct occurred in the course and scope of employment.

43. Musial's and Simon's harassment of Renninger negatively affected the terms, conditions and/or privileges of her employment because Renninger felt worthless and disaffected due to Musial's harassment.

44. Musial's and Simon's harassment would detrimentally affect any reasonable person.

45. Defendants discriminated against Renninger by permitting an ongoing pervasive pattern and practice of sexual harassment and by maintaining a sexually hostile work environment, in violation of 42 U.S.c. §2000e, *et. seq.* and/or N.R.S. §613.330, *et. seq.*

46. By reason of the continuous nature of Defendants' discriminatory conduct, persistent throughout Renninger's employment, Renninger is entitled to application of the continuing violation doctrine to all of the violations alleged.

47. As a direct and proximate result of Defendants' violation of 42 U.S.C. §2000e, *et.seq.* and/or N.R.S. §613.330, *et. seq.*, Renninger has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment and loss of self-esteem excess of $10,000, in an amount to be determined at trial. Therefore, Renninger seeks all legal and equitable remedies available at law, in additional to all other damages permitted by law.

48. Defendants' above-referenced acts were fraudulent, malicious, oppressive and done with intent to harm Renninger. Consequently, Renninger seeks an award of punitive damages in an amount sufficient to punish and deter Defendants from harming other similarly situated employees.

49. Renninger has been forced to procure the services of an attorney to represent her in this matter and, pursuant to 42 U.S.C. §2000e-5, *et. seq.* and/or N.R.S. §613.330, *et. seq.*, Renninger is entitled to her attorneys' fees as a result of Defendants' acts.

### THIRD CAUSE OF ACTION
### (Retaliation in Violation of 42 U.S.C. 2000e and N.R.S. 613.340)

50. Renninger restates and incorporates by reference paragraphs 1 through 49 of this Complaint.

51. 42 U.S.C. §2000e-3(a) makes it unlawful for an "employer to discriminate against any of [its] employees ... because he has made a charge, testified, assisted, or participated in any manner in an investigation regarding an employment practice made illegal by Title VII. Likewise, N.R.S. §613.340, *et. seq.*, contains a similar prohibition.

52. Renninger complained to Musial about his and Simon's inappropriate conduct.

53. Renninger's complaint constituted a protected activity.

54. After complaining, Musial and Simon made the workplace so unbearable that Renninger was forced to quit her employment.

55. Renninger's constructive discharge constitutes an adverse employment action.

56. By reason of the continuous nature of Defendants' discriminatory conduct, persistent throughout Renninger's employment, Renninger is entitled to application of the continuing violation doctrine to all of the violations alleged.

57. As a direct and proximate result of Defendants' violation of 42 U.S.C. §2000e, *et.seq.* and/or N.R.S. §613.330, *et. seq.*, Renninger has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment and loss of self-esteem excess of $10,000, in an amount to be determined at trial. Therefore, Renninger seeks all legal and equitable remedies available at law, in additional to all other damages permitted by law.

58. Defendants' above-referenced acts were fraudulent, malicious, oppressive and done with intent to harm Renninger. Consequently, Renninger seeks an award of punitive damages in an amount sufficient to punish and deter Defendants from harming other similarly situated employees.

59. Renninger has been forced to procure the services of an attorney to represent her in this matter and, pursuant to 42 U.S.C. §2000e-5, *et. seq.* and/or N.R.S. §613.330, *et. seq.*,

**FOURTH CAUSE OF ACTION**
**(Constructive Discharge in Violation of Nevada Public Policy)**

60. Renninger restates and incorporates by reference paragraphs 1 through 59 of this Complaint.

61. Nevada public policy prohibits constructive discharge of an employee who refuses to go along with an employer's violation of the law.

62. After Renninger complained to Musial about his and Simon's inappropriate conduct, they made the workplace so intolerable that Renninger was forced to quit her employment.

63. Musial and Simon made the workplace so intolerable because Renninger refused to go along with their violation of the law and to accept their vulgar, offensive, and sexually-oriented acts and comments.

64. Defendants' above-referenced acts were fraudulent, malicious, oppressive and done with intent to harm Renninger. Consequently, Renninger seeks an award of punitive damages in an amount sufficient to punish and deter Defendants from harming other similarly situated employees.

65. Renninger has been forced to procure the services of an attorney to represent her in this matter and, pursuant to 42 U.S.C. §2000e-5, *et. seq.* and/or N.R.S. §613.330, *et. seq.*,

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Renninger prays for judgment against the Defendants and relief as follows:

1. For an injunction reinstating Renninger to her former position and salary and benefits while prohibiting the acts complained of herein;

2. For an award of general damages from Defendants in an amount in excess of $10,000.00 to be determined at trial;

3. For compensatory damages from Defendants in an amount in excess of $10.000.00 to be determined at trial;

4. For special damages from Defendants in an amount in excess of $10.000.00 to be determined at trial;

5. For equitable relief;

6. For exemplary and punitive damages from Musial, for Renninger, in an amount to be determined at trial;

7. For an award of nominal damages from Defendants in an amount to be determined at trial;

8. For reasonable attorney's fees and costs incurred in the prosecution of this complaint;

9. For such other and further relief as this Court may deem appropriate.

DATED this 9th day of December, 2013

Respectfully submitted,

**PEEL BRIMLEY LLP**

By: _____
MICHAEL T. GEBHART, ESQ.